

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

August 29, 1960

Honorable Robert S. Calvert
Comptroller of Public Accounts
State Capitol
Austin, Texas

Dear Mr. Calvert:

Opinion No. WW-909

Re: Whether or not a distributor
    of gas, electricity or water
    to an Air Force Base, located
    within the city limits of an
    incorporated city of more than
    1,000 inhabitants, should
    include the receipts from the
    sales to the Air Force Base
    as taxable gross receipts.

        Your recent letter brought to the attention of this office
certain facts concerning an Air Force Base located within the city
limits of an incorporated city of more than 1,000 inhabitants.

        The Base purchases gas from the Lone Star Gas Company
through a single meter located at the base boundary. The gas is then
distributed through a distribution system owned by the United States
of America. It is used for ordinary purposes - - - heating, cooking,
hot water service, etc. Gas is separately metered by the base and a
cash charge is made to certain private concessions using gas on the air
base, such as laundry and gasoline filling station. The remainder of
the gas, which is used by the various air force facilities, is pro-rated
and charged on an estimated consumption basis against the accounts and
available funds of the facilities as a matter of governmental fiscal
accounting.

        With reference to these facts, you ask two questions:

        (1) Is the Air Base located "within an incorporated
city" within the meaning of Article 11.03, Title 122A,
Taxation-General Tex. Rev. Civ. Statutes (1925) formerly
codified as Article 7060, V.A.C.S. ?

        (2) If the Air Force Base is located "within" the
city limits, is the Federal Government a "gas plant"
or "distributor" within the meaning of Article 11.03?

        Pertinent provisions of the Article in question are as
follows:

        "(1) Each individual, company, corporation, or

association owning, operating, managing or controlling any gas, electric light, electric power, or water works, or water and light plant, located within any incorporated town or city in this State, and used for local-sale and distribution in said town or city, and charging for such gas, electric lights, electric power, or water, shall make quarterly, on the first day of January, April, July and October of each year, a report to the Comptroller under oath of the individual, or of the president, treasurer or superintendent of such company, or corporation, or association showing the gross amount received from such business done in each such incorporated city or town within this State in the payment of charges for such gas, electric lights, electric power, or water for the quarter next preceding . . . Nothing herein shall apply to any such gas, electric light, power or water works, or water and light plant, within this State, owned and operated by any city or town, nor to any county or water improvement or conservation district . . ."

(2) Nothing herein shall be construed to require payment of the tax on gross receipts herein levied more than once on the same commodity, and where the commodity is produced by one individual, company, corporation, or association, and distributed by another, the tax shall be paid by the distributor alone."

It is undisputed that the Air Base is located within the geographical limits of the city; it is, therefore, "within" the city as comprehended by Article 11.03

It is axiomatic that the State cannot lay a direct tax on an instrumentality of the Federal Government. Therefore, the only serious question presented by your request is whether the Air Base is a "gas plant" or "distributor" within the meaning of Article 11.03.

The court in the case of Utilities Natural Gas Co. v. State, 118 S.W.2d 927 stated that the tax laid by Article 7060 was an excise

---

[1] This case was reversed by the Commission of appeals in an opinion reported in 125 S.W. 2d 1153. The Commission held that the sale to a single consumer in the city of Victoria did not amount to "local sale and distribution" of gas in the city as comtemplated by the statute; however, the court did not quarrel with the definition of "gas plant" stated by the Court of Civil Appeals.

on those engaged in the business of owning, operating, managing, or controlling a gas plant within an incorporated town or city used for local sale and distribution. The definition of "gas works" as used in Article 7060 was held by the case of Eddins-Walcher Butane Company v. Calvert, 156 Tex. 587, 298 S.W. 2d 93 (1957) to mean (1) an establishment in which gas is manufactured, produced or processed, or (2) a distribution system consisting of pipes through which the gas flows and is delivered to the premises of consumers. Construing the two cases together, it appears that to come within the terms of Article 11.03, it is necessary that a tax payer be engaged in the business of operating, managing or controlling an establishment in which gas is manufactured, produced or processed for local sale and distribution, or in the business of owning, operating, controlling or managing a distribution system consisting of pipes through which gas flows and is delivered to the premises of consumers. The Air Force Base is not in either such business. In all but a few instances, the Air Force, or one of it's components, is the consumer of the gas. And, under the rationale of the Commission of Appeals opinion in Utilities Natural Gas Co. v. State, 128 S.W. 2d 1153 (See footnote 1), it is clear that the sales of gas by the Base to the private concessionaires located within the enclave do not put the Air Force in the business of operating a gas works or distribution system within the meaning of the Article in question. Consequently, you are advised that Lone Star Gas Co., as the "local distributor", is required to pay the tax imposed by Article 11.03 on the gas sold to the Air Force Base.

## SUMMARY

An Air Force Base located within the limits of an incorporated city which purchases gas through a single meter located at the base boundary and consumes all gas except for a certain amount which is sold to private concessionaires using gas on the base is not in the business of operating a "gas works" or a "distribution system" within the meaning of Art. 11.03, Title 122A, Taxation-General, Tex.Rev.Civ. Statutes (1925).

Yours very truly,

WILL WILSON
Attorney General of Texas

By Jack N. Price
Assistant

JNP:bg

APPROVED:

Honorable Robert S. Calvert, page 4, (WW-909)


OPINION COMMITTEE:
Houghton Brownlee, Chairman

Larry Hargrove
Arthur Sandlip
Charles D. Cabiness
Grundy Williams

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Leonard Passmore